No. 444

ROGERS v. ZIEGLER

Ohio Appeals, 6th Dist., Lucas Co.

No. 1543.  Decided April 6, 1925

118. AUTOMOBILES—1. Failure of court to charge on question of contributory negligence when injured person was a guest in machine, reversible.

2. Failure of passenger to protest at rate of speed of automobile at which operated not per se contributory negligence.

RICHARDS, J.

Florence Martin Ziegler brought action against Maude Raydure Rogers in the Lucas common pleas, seeking to recover damages for an injury sustained by her by reason of a collision between Rogers' machine and one in which Ziegler was riding as a guest.

It seems that the accident occured on a slippery day, and Roger's machine skidded so as to be turned nearly around. It was then that the car in which Ziegler was riding struck the Roger's car with great force. Rogers urged that the court direct a verdict because of the fact that Ziegler did not protest against the excessive speed at which her machine was travelling. The lower court rendered judgment on a verdict for $6541 in favor of Ziegler. Error was prosecuted by Rogers and she contended that the court did not charge upon the question of contributory negligence as requested. The court of appeals held:

1. It does not follow that when Ziegler

## STATE COURT OF APPEALS—Continued

sued the driver of the machine in which she rode as a guest, and charged him with contributory negligence that she herself was guilty thereof for not protesting at the rate of speed.

2. Question of contributory negligence was properly submitted to the jury.

3. Failure of the court to charge that if "Ziegler was guilty of negligence, in the slightest degree, directly contributory to the accident, then she could not recover," was reversible error.

4. This charge must be given in connection with a statement that Ziegler's only duty as a guest was to exercise ordinary care, in order not to be misleading. Judgment reversed.

Attorneys—Doyle & Lewis, Frank P. Reigle, for Rogers; Charles P. Carroll, for Ziegler; all of Toledo.